```
              UNITED STATES DISTRICT COURT
                      FOR THE
                 DISTRICT OF VERMONT
```

```
United States of America    :
                            :
     v.                     :     File No. 2:03-CR-74
                            :
Stephen M. Smith, II        :
```

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
### (Paper 29)

Defendant Stephen Smith has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  Smith claims that his attorney gave him poor advice prior to his guilty plea, and failed to file an appeal despite Smith's explicit request that he do so. Having considered the parties' written submissions, and for the reasons set forth below, I recommend that Smith's § 2255 motion be DENIED.

### Factual Background

In June, 2003, Smith was indicted for possession of a firearm as a previously convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count 1), and possession of a stolen firearm in violation of 18 U.S.C. § 922j (Count 2).  On October 20, 2003, he entered a plea of guilty to Count 1 of the indictment.  On April 29, 2004, Judge Sessions sentenced him to a term of 41 months in prison,

to be followed by a two-year term of supervised release. Count 2 was dismissed by the government, and Smith was advised of his right to appeal.  No appeal was filed.

In his § 2255 motion, Smith makes two claims of ineffective assistance of counsel.  First, he asserts that his attorney, Robert Behrens, Esq., failed to inform him prior to his plea that he might receive a four point enhancement to his sentence.  "Had counsel informed me of the enhancement I would not have plead [sic] guilty."  In a related claim, Smith contends that his lack of understanding with respect to the potential enhancement rendered his plea unknowing and involuntary.  The government has provided the Court with a sworn affidavit from Behrens in which he states that he and Smith discussed the enhancement issue prior to the change of plea hearing.  The government has also submitted Behrens' notes indicating discussions with Smith on the issue of a four level enhancement.

Smith's second ineffectiveness claim is that he asked Behrens to file a direct appeal challenging the four point enhancement, but that Behrens failed to file the appeal.  In his affidavit to the Court, Behrens

2

states that he spoke with Smith shortly after sentencing. At that time, Smith did not want to appeal and did not instruct him to file an appeal.  The Court has issued three orders specifically inviting Smith to provide additional details about his request for an appeal. (Papers 38, 39 and 40).  Smith has not submitted any such information.

Discussion

I.   Legal Standard

To prevail in a habeas corpus motion under § 2255, a defendant must demonstrate (1) that the sentence was imposed in violation of the Constitution or laws of the United States, (2) that the court was without jurisdiction to impose such sentence, (3) that the sentence was in excess of the maximum authorized by law, or (4) that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255.  Unless an issue was raised on direct appeal, § 2255 motions are procedurally barred unless they are based on constitutional or jurisdictional claims or would result in a "complete miscarriage of justice."  Johnson v. United States, 313 F.3d 815, 817 (2d Cir. 2002).  In

addition, a petitioner generally may not assert a claim in a § 2255 petition that he or she failed to raise on direct appeal unless the petitioner shows cause for the omission and prejudice resulting therefrom.  See Bousley v. United States, 523 U.S. 614, 622 (1998); Campino v. United States, 968 F.2d 187, 190-91 (2d Cir. 1992).  One exception to these rules is that a claim for ineffective assistance of counsel may be brought regardless of whether it should have been raised on direct appeal. Massaro v. United States, 538 U.S. 500, 504 (2003).

II.   Necessity of Evidentiary Hearing

A preliminary issue before the Court is whether, in light of the conflict between Smith's claim and Behrens' affidavit, the Court must hold an evidentiary hearing. Section 2255 requires a district court to hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255.  As the Supreme Court has explained, § 2255 recognizes "that there are times when allegations of facts outside the record can be fully investigated without requiring the personal presence of the prisoner."  Machibroda v. United States, 368 U.S.

487, 495 (1962).  "Moreover, Second Circuit precedent permits district courts to take a 'middle road' of deciding factual issues on the basis of written submissions."  Jang v. United States, 2004 WL 470031, at *3 (E.D.N.Y. Jan. 23, 2004) (quoting Pham v. United States, 317 F.3d 178, 184 (2d Cir. 2003)).

In this case, the Court has issued orders allowing both sides to submit additional materials on the question of whether or not Smith explicitly sought an appeal.  The government responded by filing the Behrens affidavit.  Smith has not submitted any further statements or evidence.  When defendants present only conclusory facts, with no specifics about alleged requests to counsel for an appeal, courts in this circuit have generally relied upon written submissions.  See Smith v. United States, 2004 WL 1403305, at *3 (S.D.N.Y. June 22, 2004); Jang v. United States, 2004 WL 470031, at *3-*4 (E.D.N.Y. Jan.23, 2004).  For example, in Jang the court stated that

> Jang's claim consists of nothing more than conclusory allegations, rather than specific or detailed factual assertions . . . .  The record also includes a credible affidavit from counsel describing his recollection of Jang's case, and asserting that he would have filed a notice of appeal if he was asked to do so.  Where testimony will add little or nothing to written

5

> submissions, as the record indicates here, dismissal of a petition without a full testimonial hearing is warranted.

2004 WL 470031, at *4 (citing Chang v. United States, 250 F.3d 79, 85 (2d Cir. 2001)); see also Campusano v. United States, 442 F.3d 770, 776 (2d Cir. 2006).

In its most recent order requesting additional information, the Court clearly advised the parties that a ruling on the written submissions was likely, particularly if the government could produce an affidavit from counsel. (Paper 40). Despite the Court's clear warning, Smith has chosen not to submit any additional facts in support of his claim. In contrast, the government has submitted an affidavit in which Behrens recalls both the dates and content of conversations that are directly relevant to Smith's claims. The Court may therefore assume that, as in Jang, live testimony would likely add little or nothing to the written submissions, and that no hearing is required.

III. Ineffective Assistance of Counsel

"[T]he proper standard for attorney performance is that of reasonably effective assistance." Strickland v. Washington, 466 U.S. 668, 687 (1984). The essence of an

ineffective assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect. See Kimmelman v. Morrison, 477 U.S. 365, 374 (1986). Thus, a defendant must establish (1) that counsel made errors so serious that he was deprived of reasonably competent representation and (2) that counsel's deficient performance prejudiced the defense. See Hernandez v. United States, 202 F.3d 486, 488 (2d Cir. 2000) (citing Strickland, 466 U.S. at 687-691)).

To satisfy the first prong, the petitioner must show that counsel's representation fell below an objective standard of reasonableness. More specifically, the petitioner must show that "counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment and the deficient performance so undermined the proper functioning of the adversary process that the trial cannot be relied upon as having produced a just result." Strickland, 466 U.S. at 687; see also United States v. DiTommaso, 817 F.2d 201, 215 (2d Cir. 1987). In conducting the ineffective

assistance inquiry, a court must maintain a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  See Strickland, 466 U.S. at 689.  The court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.  See id. at 690.  In evaluating counsel's performance, the court is to look to "an objective standard of reasonableness . . . under prevailing professional norms" and apply this standard in light of all the circumstances in the case.  Id. at 688, 690.

When determining the prejudice component of Strickland, a court must determine whether, absent counsel's error, it is reasonably probable that the outcome of the proceeding would have been different.  See Mayo v. Henderson, 13 F.3d 528, 534 (2d Cir. 1994).  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  Strickland, 466 U.S. at 703.

A.   Failure to Properly Advise Prior to Plea

Smith's first ineffective assistance claim is that

he was never informed about the possibility of a four point enhancement to his sentence.  United States Sentencing Guideline § 2K2.1(b)(5) requires a four-level increase in the Guideline calculation if a firearm was used or possessed in connection with another felony offense.  Smith allegedly possessed a firearm in connection with marijuana distribution, a felony offense under 21 U.S.C. § 841(b)(1)(D).  He asserts that the enhancement raised his sentence "from 27-33 months," and that had he been advised of the possibility of such an enhancement, he would not have entered his guilty plea.

In his affidavit to the Court, Attorney Behrens states that "[p]rior to the change of plea on October 20, 2003, I discussed with Defendant the 4 point enhancement under U.S.S.G. § 2K2.1(b)(5).  At the latest, such conversations occurred on October 7, 2003 and October 17, 2003."  (Paper 23).  The government has also provided the Court with notes from Attorney Behrens file.  These notes evidence a conversation between Behrens and Smith in which Smith indicated that he was "willing to take plea w/ delayed sentencing," and that Behrens "will argue at sentencing – 4 point [upward arrow] issue . . . ."

9

Even assuming that Behrens did not fully inform his client about the guideline range, Smith's plea agreement and his statements at the change of plea hearing show that he was not relying on any sentencing predictions at that time, and that he was fully aware of the Court's ability to impose the maximum sentence of 10 years.  In his written plea agreement (Paper 15), Smith acknowledged that

> any estimates or predictions relative to the Guidelines calculations are not binding upon the Court.  Thus, the defendant expressly acknowledges that in the event any estimates or prediction by his attorney (or anyone else) are erroneous, those erroneous predictions will not provide grounds for withdrawal of his plea of guilty, modification of his sentence, or for appellate or post-conviction relief.

At his change of plea hearing, Smith confirmed that any promises or predictions made by counsel would not be binding upon the Court, as well as his understanding that the Court could impose the maximum sentence of 10 years. (Paper 36-3 at 5, 8).  Smith ultimately received a sentence of 41 months.

Based on the Behrens affidavit, the Court should conclude that Smith was informed of the potential for a four level enhancement.  If Behrens did not, in fact,

advise his client of this possibility, Smith knew at the time of his guilty plea that he faced a maximum sentence of 10 years, and that any promises or predictions of a lesser sentence "by his attorney (or anyone else)" would not be grounds for seeking relief under § 2255.  (Paper 15).  Because Smith acknowledged that a 10 year sentence was possible, the Court should reject his claim that, but for counsel's failure to advise him of an enhancement that would raise his sentence above 33 months, he would not have changed his plea.

B.   Failure to File Appeal

Smith's next claim is that he instructed Behrens to file an appeal on the enhancement issue, and that Behrens failed to do so.  When a defendant instructs counsel to file an appeal and counsel fails to act on that instruction, the defendant has potential grounds for habeas relief.  Garcia v. United States, 278 F.3d 134, 137 (2d Cir. 2002) (citing Roe v. Flores-Ortega, 528 U.S. 470, 484 (2000)).  In such cases, the Supreme Court has determined that, as to the first prong of the Strickland standard, "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a

11

manner that is professionally unreasonable." Flores-Ortega, 528 U.S. at 477.  As to the second prong, a "petitioner has also shown prejudice when he shows that he would have taken an appeal, such as when he asked his counsel to file the appeal; he need not make a showing of the merits of the appeal."  Garcia, 278 F.3d at 137 (citing Flores-Ortega, 528 U.S. at 484); see also McHale v. United States, 175 F.3d 115, 119 (2d Cir. 1999).

    Smith's entire claim is set forth in his motion, which states that "I requested counsel to file a direct appeal challenging the 4 point enhancement and he failed to do so.  Counsel cause [sic] to loose [sic] my right to direct appeal."  (Paper 29 at 4).  Behrens has responded with an affidavit in which he testifies that "[a]fter sentencing in the above matter, I spoke with Steven Smith and discussed appeal issues on May 4, 2004.  After our discussion, Defendant did not want to file a notice of appeal and did not instruct me to do so."  (Paper 43).[1] As noted above, the Court has asked Smith to provide additional details about his request.  Smith has not submitted anything further to support his claim.

---

[1] The sentencing hearing was held on April 29, 2004.

The Court should find that Behrens' written testimony on this issue is credible. Although Behrens' written notes do not appear to relate to the appeal question, his notes do support other statements in his affidavit. Further, Smith's unwillingness to submit additional information about his request for an appeal, despite three orders from the Court seeking such information, does not favor his own credibility on the issue. In light of these facts, the Court should accept the statements in the Behrens affidavit, and conclude that no appeal was requested. Accordingly, Smith's claim of ineffective assistance should be DENIED.

IV. <u>Unknowing and Involuntary Plea</u>

Smith also alleges that because Behrens failed to warn him of the potential four-level enhancement, his plea was unknowing and involuntary. As discussed above, Smith entered his plea with full knowledge that the Court could enter the maximum sentence, and that any predictions about his likely sentence were not binding upon the Court. (Paper 36-3 at 5, 8). Smith further acknowledged at his change of plea that his plea was free and voluntary. <u>Id.</u> at 12.

In general, a plea agreement is enforceable "only if done voluntarily, knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.'" Bradshaw v. Stumpf, 125 S. Ct. 2398, 2405 (2005) (quoting Brady v. United States, 397 U.S. 742, 748 (1970)).  Given Smith's acknowledgments to the Court about his possible sentence, he cannot now claim that he would not have entered his plea had he known he might receive 41 months.  See, e.g., Johnstone v. United States, 1999 WL 672946, at *7 (E.D.N.Y. Aug. 25, 1999) ("Sworn statements made during plea allocutions carry a strong presumption of validity"); Figueroa v. United States, 1993 WL 88213, at *8 (S.D.N.Y. Mar. 24, 1993); see also Ventura v. Meachum, 957 F.2d 1048, 1058 (2d Cir. 1992) (when court accurately informs defendant of matters under Rule 11, guilty plea may be valid even where counsel misstated "actual sentencing possibilities").  It is clear from the change of plea transcript that a 10 year sentence was a possibility, and that Smith was nonetheless choosing to plead guilty to his crime.  Furthermore, as discussed above, Behrens states in his affidavit that he and Smith discussed the

14

potential four-level enhancement prior to the change of plea.  I therefore recommend that Smith's claim of an unknowing and involuntary plea be DENIED.

## Conclusion

For the reasons set forth above, I recommend that Smith's motion to vacate, set aside or correct his conviction and sentence (Paper 29) be DENIED.

Dated at Burlington, in the District of Vermont, this 21st day of June, 2006.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge


Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).